IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.1:20-CR-00561 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES GWIN |
| - vs - | ) | |
| | ) | **DEFENDANT'S MOTION TO** |
| JASON JARVIS | ) | **SUPPRESS EVIDENCE** |
| Defendant. | ) | (Evidentiary Hearing Requested) |

Now comes Counsel for the Defendant Jason Jarvis and hereby moves this Honorable Court to order the suppression of all evidence confiscated by the Mansfield Police Department who stopped, seized and searched Mr. Jarvis without reasonable suspicion, without probable cause, and without a search warrant or voluntary consent. An evidentiary hearing is requested, as the arguments supporting this Motion require close examination of the facts and circumstances surrounding this warrantless stop, seizure and search. A Memorandum in Support is attached hereto.

## MEMORANDUM

The Defendant Jason Jarvis asserts that members of the Mansfield Pollice Department violated his Fourth Amendment rights by failing to have a reasonable, articulable suspicion or probable cause to believe he had engaged in criminal activity or committed a traffic violation when they stopped, seized and searched him, his passenger and vehicle on February 18, 2020. Any alleged consent to search Mr. Jarvis was invalid and or the fruit of the illegal stop. United States v. Lopez-Arias, 344F. 3d 623, 629 (6th Cir. 2003). Because the stop was illegal, all evidence obtained as a result of this stop must be suppressed as fruit of the poisonous tree. See, Wong Sun v. United States. 371 U.S. 471 (1962).

Here, on February 18, 2020, Mr. Jarvis was driving a 2004 Toyota Camry, belonging to Michael Pyles. He was Eastbound on King St.in Mansfield, OH. Lieutenant Carroll, a Mansfield police officer immediately ran a Leads on the license plate, and there were several notes about the vehicle. He pulled next to the automobile and noted an equipment violation, of no rear view mirror. Both Mr. Jarvis and the passenger Vanessa Byerly both came back valid with no warrants. At that point Lieutenant Carroll was just going to issue a warning and let them leave. However, he did not. Instead, he decided to pull Mr. Jarvis out of the vehicle and asked for permission to search him. The officer asked if he could search him, and Mr. Jarvis told him "no" on two separate occasions. Lieutenant Carroll did a pat down search of Mr. Jarvis. He felt a baggie containing methamphetamines and then placed him under arrest.

The Fourth Amendment of the United States Constitution states: "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S, CONST. amend IV.

As a general rule, an arrest or search must be based on probable cause and executed pursuant to a search warrant. See, Katz v, United States, 389 U.S. 347, 357 (1967). A police stop of a motor vehicle is a significant intrusion requiring justification as a :seizure" within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution. Delaware v. Prouse, 440 U.S. 648, 653 (1979). The reasonableness of the stop is ascertained by first determining "whether the officer's action was justified at its inception," and second "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." Terry v. Ohio, 392 U.S. 1, 19-20 (1968).

In the context of a traffic stop, an officer's decision to stop a car is reasonable when the officer has "probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). Probable cause is a reasonable ground for belief supported by less than prima facie proof but more than mere suspicion. United States v. Blair, 524 F. 3d 740, 748 (6th Cir. 2008). When the government fails to meet this burden of proof, the exclusionary rule allows courts to exclude the evidence seized in violation of the Fourth Amendment and exclude all evidence subsequently obtained as a result of that particular violation set forth in Wong Sun v. United States, 371 U.S. 471 (0962); United States v. Hill, 195 F. 3d 258, 264 (6th Cir. 1999).

In determining whether probable cause exists, the credibility of the officers involved in the traffic violation is crucial. "It is the responsibility of the courts to make sure that police officers act appropriately and not abuse the power legally afforded to them by, among other things, carefully scrutinizing a police officer's testimony as to the purpose of the initial traffic stop." United "States v. Hill, 195 F. 3d 258, 267 (6th Dir. 1999); See also United States v. Freeman, 209 F. 3d 464, 468 (6th Cir. 2000) (finding the officer's account of the traffic violation to be unbelievable, suppressing all evidence obtained during the stop); United States v. Gross, 550 F. 3d 578 (6th Cir. 2008) (officers did not have probable cause to pull vehicle over for slow lane change when there was no evidence of erratic driving behavior.)

Likewise in this case. This was clearly a pre-textual stop of the vehicle to give the officer cause and the opportunity to stop and search the occupants and the passenger for no reason other than the notes related to the Leads information provided to the officer. That was the only reason for the stop. Despite that the Lieutenant indicated if there were no holders and the occupants checked out clean, he would only give them a warning. Jason Jarvis said "no" a number of times

when asked if they could search him. Despite all that, the officer searched him regardless. This was clearly way beyond what he could do. All of the drugs attributable to Jason Jarvis along with the Samsung Cricket cell phone found in the car should all be suppressed from being introduced in the resulting trial in this matter. When a traffic stop is not based on probable cause, all evidence obtained as a result of the illegal stop must be suppressed unless one of the exceptions to the exclusionary rule applies. <u>Wong Sun</u>, 371 U.S. at 485. No such exception applies here and all evidence obtained by the police must be suppressed.

WHEREFORE, the government has failed to present sufficient evidence that Lieutenant Carroll had probable Cause to initiate a traffic stop. As a result, the stop violated Mr. Jarvis's Fourth Amendment protection against unreasonable searches and seizures, requiring any evidence seized and all evidence subsequently obtained as a result, including the drugs and the cell phone be suppressed as fruit of the poisonous tree. Consequently, the evidence must be suppressed.

Respectfully Submitted,

/s/ Walter Camino

WALTER CAMINO, Esq.
Reg. No. 0026147
5300 Parkside
Solon, OH 44139
(440) 667-9810

CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2021, a copy of the foregoing Defendant's Motion To Suppress Evidence  was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ Walter Camino
WALTER CAMINO (0026147)
 Attorney for Defendant